Jones, J. (dissenting).
Section 10 of article VIII of the Constitution provides that the amount to be raised ,.by tax on real estate in any fiscal year by the City of Buffalo (in addition to provision for the payment of interest and principal on indebtedness) shall not exceed 2%. By co-ordinate provision of subdivision (b) of section 11 of the same article the taxes required for certain appropriations are expressly excluded from this 2% limit: “ Whenever any county, city * * * provides by direct budgetary appropriation for any fiscal year for the payment in such fiscal year or in any future fiscal year *631 or years of all or any part of the cost of an object or purpose for which a period of probable usefulness has been determined by law, the taxes required for such appropriation shall be excluded from the tax limitation prescribed by section ten of this article unless the legislature otherwise provides.”
By chapter 1105 of the Laws of 1969 paragraph 42-a was added to subdivision a of section 11.00 of article 2 of the Local Finance Law. By that means the Legislature determined that the “ period of probable usefulness ” of amounts paid by a city in the population bracket within which Buffalo falls for pension or retirement liabilities shall be three years. The intent of this legislative enactment was to exclude from the 2% tax limitation the taxes required to meet direct annual budgetary appropriations for the pension and retirement liabilities of Buffalo and certain other cities and school districts.
The question before us is whether this legislative determination is unconstitutional. If so, taxes to meet the city’s pension and retirement obligations are still subject to the 2% ceiling. I would conclude that the legislation is constitutional and that such taxes are accordingly excluded from the limitation.
In my reading, the constitutional provisions are unambiguous and entail no internal conflict. Section 10 sets a 2% real property tax limitation; subdivision (b) of section 11 authorizes the Legislature to provide for exclusions from that limitation — by statutorially determining a period of probable usefulness with respect to the object or purpose to be excluded. In my view, the Legislature has properly exercised the authority constitutionally granted to it under the latter provision.
It is not for the judiciary, however persuasively it may be importuned, to second-guess the Legislature as to the wisdom or appropriateness of this fiscal determination. The respondents urge on us the unwisdom of paragraph 42-a. Such arguments, however sound or appealing, must be addressed to the Legislature and not to the courts.
I would agree that the authority granted to the Legislature is not wholly unrestricted. The only restriction I find in subdivision (b), however, is that the Legislature’s determination that the object or purpose for which the excluded taxes are to be raised has a “ period of probable future usefulness ” must have a rational basis. In my view the exercise of the authority granted the Legislature would be constitutionally defective *632 only if the legislative determination of probable future usefulness were palpably false and supportable on no rational basis.* In such , event the purported exercise would be quite beyond the authority granted. The authority granted is to determine exclusion from the normal tax limitation of taxes for objects or purposes carrying with them true elements of futurity. So long, however, as there is any rational basis for the legislative determination that futurity attached to any specified object or purpose I would support the legislative action.
In my analysis, then, the narrow question before us here is Avhether there was a rational basis for the legislative finding of futurity in annual payments for pension and retirement benefits. Had the city’s retirement plan been unfunded, i.e., had the payments by the city in each year been limited to the benefits to Avhich the retirees became entitled in that year, I would have agreed that there could not accurately be said to be any component of futurity. Each fiscal year, would then have been entirely self-standing.
The payments by the City of Buffalo to the State Retirement Plan, however, are not for current benefits only. The plan is a funded plan. Annual contributions are computed actuarially to secure the payment of future benefits to present and past employees. Thus the element of futurity inheres in each annual contribution.
This being so I conclude that the Legislative determination that payment of annual contributions to pension and retirement plans does have a period of probable future usefulness is not irrational and thus not unconstitutional. I note incidentally that the Constitution calls for a legislative determination of probable rather than unquestionable future usefulness.
In Bugeja v. City of New York (24 A D 2d 151, affd. 17 N Y 2d 606) we upheld the constitutionality of a legislative determination excluding from the tax limitation taxes to pay for a serial bond issue to proAdde for payment in turn by the City of New York of its pension and retirement liabilities for fiscal 1965. Although the means of payment there was a one-time bond issue, installments were evidently to be paid over the life *633 of the bonds. There is nothing to suggest that our affirmance in that case was predicated on the choice of the particular financing mechanism, nor do I perceive any basis for such a distinction.
We recently upheld the exercise by the Legislature of authority granted it by the Constitution to increase the number of Judges on the Court of Claims (Taylor v. Sise, 33 N Y 2d 357). We then withstood strong arguments of policy mounted against that means for the creation of additional Judgeships to dispose of an anticipated increase in criminal drug cases. As with the legislative determination there, so here, any apparent “ cross-working of purposes is not equivalent to an ambiguity or conflict in the grant of constitutional powers which requires a court to look beyond the literal language and narrow or restrict the otherwise unqualified grant of power, present in this case ”. (Idem, p. 365.) We recognize that only in the case of a “ patent conflict ” of constitutional provisions is recourse to be had to “ extrinsic examination of purpose, effect, and contemporaneous statutes ”. (Idem, p. 365.) In Taylor, of course, we upheld a legislative enactment which enlarged the scope of executive powers of appointment. Here we are asked to uphold a legislative enactment which would enlarge the scope of municipal powers of taxation. In Taylor we relied on “ a very strong presumption that ‘ the Legislature has investigated and found the existence of a situation showing or indicating the need or desirability of the legislation ’ (Matter of Van Berkel v. Power, 16 N Y 2d 37, 40).” (Idem, p. 364.) We said that “ this court should not substitute its judgment for that of the Legislature in determining the particular method to meet a given need (Nettleton Co. v. Diamond, 27 N Y 2d 182, 194; see, also, Wasmuch v. Allen, 14 N Y 2d 391, 398) ”. (Idem, p. 365.) Surely we recognize the serious, nearly overwhelming dimension of urban financial problems. I perceive no ground for treating the legislative determination as to how that need can best be met entirely differently from the legislatively determined remedy for the need for increased judicial manpower. In each instance, I would have said, the Legislature exercised a power granted to it by unambiguous constitutional provision.
I find no constitutional infirmity in paragraph 42-a as added by chapter 1105 of the Laws of 1969. Accordingly, I would *634 reverse the order of the Appellate Division and reinstate the judgment of Supreme Court.
Chief Judge Breitel and Judges Gabrielli, Wachtler and Stevens concur in Per Curiam opinion; Judge Jasen concurs in a separate opinion; Judge Jones dissents and votes to reverse in a separate opinion in which Judge Rabin, concurs.
Order affirmed, etc.

 On oral argument it appeared to be agreéd by counsel, and I would not differ, that the choice of the particular number of years by which the length of the period of future usefulness would be measured is not of critical significance, nor would the constitutionality of any enactment hinge on that choice.